IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-98-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| BRANDON PATRICK DALTON-JACKSON, | |
| Defendant. | |

On March 24, 2023, Defendant Brandon Patrick Dalton-Jackson filed a motion to reduce his 135-month federal drug sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 132; *see* Doc. 38 (Judg.).) His projected release date is January 9, 2024. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed October 16, 2023). On May 25, 2023, counsel was appointed to represent the defendant. (Doc. 137.) Appointed counsel filed an amended motion on July 18, 2023. (Doc. 141.) The government opposes. (Doc. 143.) No reply was filed. For the reasons stated below, Dalton-Jackson's motion is denied.

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable policy

1

statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Because the Sentencing Guidelines have not been updated since the First Step Act was passed, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, the defendant argues that he has shown extraordinary and compelling reasons for compassionate release because he has not received over 400 days of First Step Act ("FSA") credit. In response, the government argues the BOP has correctly calculated Dalton-Jackson's FSA credits and has appropriately applied them to his sentence to the maximum extent legally authorized. Because the government is correct, Dalton's motion is denied.

I.   **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

2

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the defendant filed a request for relief with FPC Yankton on July 7, 2022, and it was denied on July 18, 2022. (*See* Doc. 143-2 at 14.) Dalton-Jackson does not substantively address exhaustion in his briefing, but the government concedes his "administrative remedies have been exhausted." (Doc. 143 at 6.) The defendant has therefore exhausted his administrative remedies as required by statute.

## II. Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Commission's nonbinding policy statements provide informative and illustrative examples of what these reasons may be. One example is known as the catchall provision and applies if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." USSG §1B1.13(1)(A)(ii), app. n.1(D). Courts sometimes apply the catchall provision to support finding an extraordinary and compelling reason that does not fit exactly into the other enumerated provisions. *See United States v. Alvarado*, 569 F. Supp. 3d 1039, 1041 (S.D. Cal. Oct. 29, 2021).

Dalton-Jackson argues that the catchall provision applies here without substantively addressing why, beyond his contention that he is entitled to an

additional 400 days of FSA credits and an earlier release date. The government, on the other hand, provides a detailed accounting of the reason the BOP did not err in calculating his FSA credits. The government has the better argument.

If a defendant receives a term of supervised release as a part of his sentence, the BOP "may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of [FSA] credits." 18 U.S.C. § 3624(g)(3); *see also id.* § 3632(d)(4) (explaining the statutory guidance for calculation of FSA credits). The BOP applied that 12-month rule to Dalton-Jackson's sentence, leading to his current adjusted released date of January 9, 2024. (*See* Doc. 143-2 at 4.)

The BOP also properly acted within its discretion in deciding when to place Dalton-Jackson in a residential reentry center or under home confinement. The BOP "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Because Dalton-Jackson's projected released date was January 9, 2024, the BOP had the discretion to place Dalton-Jackson in home confinement no earlier than July 9, 2023, which is six months prior to his projected release date. Dalton-Jackson was transferred to a residential reentry center in June 2023, before he was eligible for home confinement. The BOP has the discretion to allow Dalton-Jackson to serve the remainder of his custodial time under home

confinement but is not required to do so. *See id.* § 3624(c).

Accordingly, the BOP did not miscalculate Dalton-Jackson's FSA credits and thus no extraordinary and compelling reason exists for early termination of his sentence. Accordingly, reconsideration of the federal sentencing objectives set forth in 18 U.S.C. § 3553(a) is not required.

## CONCLUSION

For the reasons outlined above, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 132, 141) is DENIED.

DATED this 18th day of October, 2023.

Susan P. Watters, District Judge
United States District Court